IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ESTATE OF MICHAEL DEAL, by its Administrator, Valerie Deal, VALERIE DEAL, Individually, JOHN DEAL, Individually, CRIMSON DEAL, Individually, and SHANA GRAUSE, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA and BERNARD NESBIT,<br><br>Defendants. | Civil Action No.   __4:15-cv-69___<br><br>"Federal Question"/Non-Jury |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Plaintiffs Estate of Michael Deal, by its Administrator, Valerie Deal, Valerie Deal, Individually, John Deal, Individually, Crimson Deal, Individually, and Shana Grause, Individually, and set forth their claims for relief against Defendants United States of America and Bernard Nesbit as follows:

JURISDICTION

1. Plaintiff Estate of Michael Deal is pending in Calhoun County, Iowa. The duly qualified and appointed Administrator of the Estate of Michael Deal, Valerie Deal, is a citizen of Calhoun County, Iowa. Plaintiffs' decedent, Michael Deal was a citizen of Calhoun County, Iowa.

2. Plaintiff John Deal is the legal and natural adult child of Michael Deal and is a resident of Sac County, Iowa.

3. Plaintiff Crimson Deal is the legal and natural adult child of Michael Deal and is resident of Calhoun County, Iowa.

1

4. Plaintiff Shana Grause is a non-legal adult child of Michael Deal and is a resident of Calhoun County, Iowa.

5. This action is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b), 2671 et seq., as hereinafter more fully appears.

6. Defendant Bernard Nesbit is a resident of the state of Iowa.

7. Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over claims against Bernard Nesbit, as alleged herein, as such claims are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

8. The acts and omissions giving rise to the claims for relief asserted in this Complaint, as well as the injuries and damages alleged herein, occurred on March 27, 2013 and March 28, 2013, with the death of Michael Deal occurring on March 29, 2013.

9. On or about September 27, 2013, Plaintiff Estate of Michael Deal, by its Administrator, Valerie Deal, filed a Federal Tort Claim with the Department of Veterans Affairs.  At that time, individual claims were not filed on behalf Valarie Deal, John Deal, Crimson Deal or Shana Grause.

10. On August 8, 2014, the Department of Veterans Affairs denied the above-mentioned Federal Tort Claim filed by the Estate of Michael Deal under the Federal Tort Claims Act.

11. On or about December 1, 2014, Plaintiffs Valerie Deal, Individually, John Deal, Individually, Crimson Deal, Individually, and Shana Grause, Individually, filed Federal Tort Claims with the Department of Veterans Affairs.

12. While the Department of Veterans Affairs has not yet issued a formal denial of the December 1, 2014 individual Federal Tort Claims, in the interests of justice and judicial economy, those claims are included herein and asserted together in this Complaint along with the previously denied claims of the Estate of Michael Deal.

## FACTUAL BACKGROUND

13. On March 27, 2013, sixty-five year old Michael Deal was admitted to the VA Hospital in Des Moines, Iowa for treatment of a severe diabetic foot infection.

14. Following an incision and drainage procedure performed that same day, Mr. Deal was transferred in stable condition to the telemetry unit for monitoring and recovery.

15. From 12:00 AM to 3:30 PM on March 28, 2013, Mr. Deal remained in telemetry unit in stable condition, receiving respiratory treatments and oxygen, and noted to be doing well with good vital signs.

16. At 3:30 PM on March 28, 2013, Nurse Sarah Smart was assigned to the telemetry unit for the evening shift because the unit did not have enough staff.

17. Subsequently during the March 28, 2013 evening shift, another nurse on the telemetry unit, Bernard Nesbit, turned all pulse oximeter alarms off in occupied rooms, including Mr. Deal's room, for no apparent or legitimate medical reason.

18. At the time he turned the alarms off, Nurse Nesbit was working as an employee with a "last chance agreement" with the VA Hospital.

19. After Nurse Nesbit turned off the pulse oximeter alarms as described above, Mr. Deal's oxygen levels dropped from 91 percent to the mid to lower 30s over the course of approximately 3 hours without detection.

20. Mr. Deal experienced hypotension and bradycardia that went undetected for an unknown amount of time.

21. At approximately 11:45 PM on March 28, 2013, Mr. Deal was discovered unresponsive in his room.

22. Resuscitation efforts were initiated and after a 10 minute delay, a CODE BLUE, was called 11:55 PM.

23. Attempts to revive Mr. Deal were unsuccessful.

24. At 12:20 AM on March 29, 2013, Mr. Deal was pronounced dead.

## NEGLIGENCE

25. Defendant United States of America, by and through its agents, servants and employees, was negligent in the following particulars:

    a. Failure to provide necessary and appropriate monitoring of a telemetry unit patient;

    b. Failure to provide necessary and appropriate critical care;

    c. Failure to properly and adequately staff the telemetry unit;

    d. Failure to properly screen and supervise nursing staff on the telemetry unit;

    e. Deactivating necessary and critical monitoring alarm systems necessary for patient safety on the telemetry unit;

    f. Failure to exercise reasonable care in the hiring and supervision of nursing staff on the telemetry unit;

    g. Failure to use the degree of skill, care and learning ordinarily possessed and exercised by other hospitals in similar circumstances;

    h. Failure to use the degree of skill, care and learning ordinarily possessed and exercised by other nurses in similar circumstances;

    i. Other unspecified acts of negligence.

26. Defendant Bernard Nesbit was negligent in the following particulars:

    a. Failure to provide necessary and appropriate monitoring of a telemetry unit patient;

    b. Failure to provide necessary and appropriate critical care;

    c. Deactivating necessary and critical monitoring alarm systems necessary for patient safety on the telemetry unit;

  d. Failure to use the degree of skill, care and learning ordinarily possessed and exercised by other nurses in similar circumstances;

  e. Other unspecified acts of negligence.

27. At all times material, Defendant Bernard Nesbit was acting within the scope and course of and employment, servant and/or agency relationship with the VA Hospital in Des Moines, Iowa and the United States of America.

28. Defendant United States of America is vicariously liable for the negligent acts of its agents, employees, physicians, nurses or other health care providers who may have provided care to Michael Deal, including Bernard Nesbit.

29. As a direct result of Defendants' negligence, Michael Deal sustained injuries and ultimately death.

30. As a direct result of Defendants' negligence, Michael Deal suffered physical and mental pain and anguish, loss of function of full mind and body, loss of enjoyment of life.

31. As a direct result of Defendants' negligence, Michael Deal incurred emergency medical, hospital, drug and other expenses for his care and treatment.

32. As a direct result of Defendants' negligence and Michael Deal's resulting premature death, the Estate of Michael Deal has been deprived of the accumulations reasonably expected had Michael Deal lived out his normal life expectancy, and his Estate has prematurely incurred expenses of his funeral and burial, and is entitled to interest thereon.

33. The negligence of Defendants was the cause of the injuries and the ultimate death of Michael Deal as well as the injuries and damages sustained by the Estate of Michael Deal and said injuries and damages would not have happened except for the negligence of the Defendants.

34. The above-mentioned conduct and the harms and damages sustained by Plaintiff Estate of Michael Deal were within the scope of the liability of Defendant United States of America, by and through its agents, servants and employees.

35. As a direct result of Defendants' negligence and Michael Deal's injuries and death, Michael Deal's surviving spouse, Valerie Deal, has suffered the loss of her husband's care, companionship, consortium, services, society and support.

36. As a direct result of Defendants' negligence and Michael Deal's injuries and death, Michael Deal's surviving children, John Deal, Crimson Deal, and Shana Grause, have suffered the loss of their father's care, companionship, consortium, services, society and support.

37. The negligence of Defendants was the cause of the injuries and damages sustained by Plaintiffs Valerie Deal, John Deal, Crimson Deal and Shana Grause and said injuries and damages would not have happened except for the negligence of the Defendants.

38. The above-mentioned conduct and the harms and damages sustained by Plaintiffs Valerie Deal, John Deal, Crimson Deal and Shana Grause were within the scope of the liability of Defendant United States of America, by and through its agents, servants and employees.

WHEREFORE, Plaintiffs Estate of Michael Deal, by its Administrator, Valerie Deal, Valerie Deal, Individually, John Deal, Individually, Crimson Deal, Individually, and Shana Grause, Individually pray for judgment against Defendants United States of America and Bernard Nesbit in an amount which will fully and completely compensate the estate for its

damages and for the damages sustained by Michael Deal's surviving spouse and children, together with interest thereon as provided by law, and for the costs of this action.

/s/ Brian P. Galligan_____
BRIAN P. GALLIGAN  AT0002632
GALLIGAN & REID, P.C.
The Plaza - Suite 5
300 Walnut Street
Des Moines, Iowa, 50309-2239
Telephone:  (515) 282-3333
Facsimile:  (515) 282-0318
Email:  bgalligan@galliganlaw.com


ROBERT W. JOHNSON, *Pro Hac Vice Pending*
JOHNSON/JENSEN L.L.P.
One Indiana Square, Suite 1640
Indianapolis, IN  46204
Telephone:  (317) 269-7799
Facsimile:  (317) 269-7784
Email:  rjohnson@johnsonjensen.com

ATTORNEYS FOR PLAINTIFFS